UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DOLEAN ALSTON                           Case No.
    Plaintiff,                          Hon:

v.

PATSY LOU CHEVROLET, INC.
    Defendant.
_____

# COMPLAINT AND JURY DEMAND

NOW COMES, Dolean Alston, by and through her attorney of record, Andrew L. Campbell, and states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

2. Declaratory relief is available pursuant to 28 USC § 2201 and § 2202.

3. This action arises out of Defendants impermissible inquiry into Plaintiff's credit history.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), and 28 U.S.C. § 1409 because the acts and transactions occurred here, Plaintiff resides here in the Eastern District of Michigan, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Dolean Alston, is a natural person who resides in the City of Flint, County of Genesee, State of Michigan.

6.      Defendant Pasty Lou Chevrolet, Inc. is a Michigan Corporation whose principal place of business is in Genesee County, State of Michigan.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681
## (ALL DEFENDANTS)

7.      Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

8.      Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b) and a "consumer" as defined by 15 U.S.C. § 1681a(c) because she is a person.

9.      Defendant is a "person" as defined by 15 U.S.C. § 1681a(b) because it is a corporation.

10.     On or about May 24, 2017, Plaintiff visited Defendant's used car dealership to look at vehicles.

11.     At no time did Plaintiff authorize verbally or in writing Defendant to inquire or review her credit.

12.     Defendant conducted a credit inquiry in Plaintiff's credit history, and on information and belief, allowed a third-party to do so as well without prior express consent from Plaintiff.

13.     Defendant acted willfully in both obtaining and using Plaintiff's credit information.

14. Plaintiff then requested a copy of her credit disclosures that subsequently confirmed that on May 24, 2017 Patsy Lou Chevrolet inquired into Plaintiff's credit history representing the permissible purpose of a credit transaction when Plaintiff had not authorized such.

15. No credit transaction occurred.

16. No credit transaction was initiated or attempted by plaintiff.

17. Plaintiff also discovered that GM Financial also inquired into Plaintiff's credit history as well likely through Patsy Lou Chevrolet, Inc.

18. Defendants had no legitimate purpose or business need to pull Plaintiff's consumer report, or credit report as it is commonly known, because Plaintiff did not authorize Defendants to conduct an inquiry and Plaintiff did not initiate any new business transaction with Defendants.

19. Car dealers do not have a permissible purpose for obtaining a consumer report when a consumer asks to take a test drive. <u>Coffey, FTC Informal Staff Opinion Letter</u> (Feb. 11, 1998).

20. On information and belief, Defendants failed to provide a permissible purpose or misrepresented the permissible purpose to Transunion to obtain Plaintiff's credit report.

21. Plaintiff was damaged by Defendants' act as this violated her right to privacy.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed.R.Civ.P. 38.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

- for an award of statutory damages of $1,000.00 sustained by Plaintiff pursuant 15 U.S.C. § 1681n(a)(1)(A) against Defendant and for Plaintiff; and

- for an award of punitive damages against Defendant and for Plaintiff pursuant to 15 U.S.C. § 1681n(a)(B)(2); and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) against each Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Dated:  September 13, 2017

/s/*Andrew L. Campbell*
Andrew L. Campbell
Attorney for Plaintiff
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391